IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRAD LEWIS BRADLEY, ) | CASE NO.: 5:19CR742 |
| ) |           5:23CV519 |
|       Defendant-Petitioner, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | GOVERNMENT'S MOTION TO DISMISS |
| ) | DEFENDANT'S MOTION TO VACATE |
|       Plaintiff-Respondent. ) | UNDER 28 U.S.C. § 2255 |

Now comes the United States of America, by and through its counsel, Rebecca C. Lutzko, United States Attorney, and Aaron P. Howell, Assistant United States Attorney, and respectfully moves this Court to dismiss Defendant Brad Lewis Bradley's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 as untimely filed.

**I.**     **BACKGROUND**

On August 25, 2020, Bradley pled guilty to an indictment charging him with possession with intent to distribute over 200 grams of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi) (Count 1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2) via a written plea agreement. (*See* R. 26: Plea Agreement, PageID 78-90). This Court sentenced Bradley to 180 months imprisonment as to Count 1; and 60 months as to Count 2, to run consecutively; with credit for time served. (R. 40: Judgment, PageID 211). On December 29, 2020, Bradley filed a Notice of Appeal. On January 13, 2022, the United States Court of Appeals for the Sixth Circuit issued an Order affirming this Court's judgment. (ROA. 58-2: Order and Opinion Affirming Judgment, Page ID 1-12).

Presently before this Court is Bradley's motion to vacate under 28 U.S.C. § 2255. (R. 69, 69-1: Motion and Memorandum in Support of Motion to Vacate, PageID 354-407). His untimely motion is properly dismissed.

## II.     LAW AND ARGUMENT

Bradley's Section 2255 motion is not properly before this Court. Indeed, Section 2255 petitions are the exclusive means by which a federal prisoner may collaterally attack a conviction or sentence that is alleged to be in violation of federal law. *Davis v. United States*, 417 U.S. 333 (1974); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979) ("The remedy provided under 28 U.S.C. § 2255 is designed to permit a prisoner to attack alleged impropriety in the sentence as imposed upon him."). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), however, requires defendants to file Section 2255 claims within one-year of the finalization of the conviction. 28 U.S.C. § 2255(f); *see also In re Hanserd*, 123 F.3d 922, 924, 932 (6th Cir. 1997) (concerning restrictions pursuant to the enactment of the AEDPA). In cases where the prisoner's conviction is affirmed on direct appeal and he does not file a petition for cert, the judgment of conviction becomes final when the time expires for filing a petition for cert—*i.e.*, ninety days after entry of the court of appeals' judgment. *Clay v. United States*, 537 U.S. 522 (2003).

Specifically, the statute provides:

> (f) A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)-(4).

This Court's judgment was affirmed on January 13, 2022. Thus, the one-year period in which to file a Section 2255 petition expired on or about January 13, 2023. 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522 (2003). Bradley's Section 2255 petition – filed in March 2023 – is time barred by statute. 28 U.S.C. § 2255(f)(1). There was no governmental action preventing him from filing his motion. 28 U.S.C. § 2255(f)(2). There is no opinion creating a newly recognized right made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3). Bradley does not present any new "fact" triggering a fresh one-year period. 28 U.S.C. § 2255(f)(4).

Therefore, the government avers that Bradley's motion to vacate is properly dismissed because it is time-barred under Section 2255.

### III. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court dismiss Bradley's motion to vacate under 28 U.S.C. § 2255.

>	Respectfully submitted,
>
>	REBECCA C. LUTZKO
>	United States Attorney
>
> By:	/s/ Aaron P. Howell
>	Aaron P. Howell (OH: 0081347)
>	Assistant United States Attorney
>	Federal Building
>	2 South Main Street, Room 208
>	Akron, OH 44308
>	(330) 761-0526
>	(330) 375-5492 (facsimile)
>	Aaron.Howell@usdoj.gov

5

## CERTIFICATE OF SERVICE

    I hereby certify that on November 2, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. A copy of this filing will also be sent to Brad Lewis Bradley by regular U.S. Mail at:

        Brad Lewis Bradley, #67244-060
        F.C.I. Elkton
        P.O. Box 10
        Lisbon, OH 44432

        /s/ Aaron P. Howell
        Aaron P. Howell
        Assistant U.S. Attorney