ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRAD LEWIS BRADLEY, ) | |
| ) | CASE NO. 5:19CR742 |
| Petitioner, ) | 5:23CV519 |
| ) | |
| v. ) | |
| ) | Judge John R. Adams |
| UNITED STATES OF AMERICA, ) | |
| ) | **ORDER** |
| Respondent. ) | |
| ) | |

Pending before the Court is Petitioner Brad Bradley's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255.  Doc. 69.  The Government has opposed the motion, and Bradley has replied.  Upon review, the motion is DENIED.1

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Bradley's contention appears to be that his trial counsel was ineffective in three instances: 1) failing to engage in meaningful pre-plea communication and investigation with Bradley, 2)

---

1 Bradley's motion to hold the matter in abeyance pending his prison transfer (Doc. 71) is DENIED AS MOOT.  The Government's motion to dismiss the matter as untimely (Doc. 76) is DENIED.

failing to professionally represent Bradley at sentencing, and 3) failing to present certain issues for appeal.   The Court reviews each contention in turn.

Bradley's burden to establish an ineffective assistance of counsel claim is two-fold. Under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), Bradley must first show that counsel's performance was deficient. Pursuant to *Strickland*, "deficient" conduct is not simple error; counsel must have erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed...by the Sixth Amendment." *Id*. at 687. When evaluating counsel's performance, a court is required to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (internal citation omitted).

If deficient conduct is identified, Bradley must then demonstrate that counsel's deficient performance prejudiced his defense. *Id*. at 692. To demonstrate prejudice, it is not enough to show that the "errors had some conceivable effect on the outcome of the proceeding" as any "act or omission of counsel would meet this test." *Id*. at 693. Instead, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 693. In effect, counsel's performance must have "caused the defendant to lose where he would probably have won" by conduct "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis omitted). In a guilty plea context, while the performance prong of the Strickland test remains the same, to establish prejudice the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

1. <u>Actions of Pretrial Counsel</u>

Bradley appears to contend that his counsel communicated with him in an insufficient manner prior to his guilty plea.  Bradley claims that both of his counsel that represented him at various times before his plea pushed for him to plead guilty rather than pursue the matter to trial.  Bradley's claims are belied by the record.

First, the Court inquired about Bradley's representation during his plea colloquy as follows:

> THE COURT: Have you gone over the indictment with your attorney and do you understand the nature of the charges against you in this case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you had time to review with your attorney your case, matters pertaining to your case, your defenses, and things of that nature?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you satisfied so far with his work for you in this case?
>
> THE DEFENDANT: Yes.

Doc. 48 at 5.  While Bradley suggests that his counsel somehow pressured him to answer the questions above in the affirmative, the Court later asked him, "Has anyone tried to force you, coerce you, or threaten you in any way to enter this plea?"  Bradley responded in the negative.  Doc. 48 at 21.  Accordingly, the record refutes Bradley's assertions that he was unhappy with counsel's performance.

Further, while Bradley contends that his counsel did little to offer him a defense, he has offered no reasonable argument on what defense could have been presented.  Upon being stopped by officers, Bradley provided a fake name.  After questioning, he admitted to using a fake name because of outstanding warrants.  Upon further questioning, Bradley admitted to having drugs

and firearms in his residence. Bradley, in fact, led officers to two firearms and bag that contained a substance that Bradley contends he believed to be heroin and a cutting agent. Bradley also admitted that he sold heroin. Given those facts, it is unclear what defense Bradley believes a reasonable attorney could have pursued on his behalf. As none is apparent on the record, Bradley's contention that his counsel was deficient in performing pre-plea duties lacks merit.

Bradley appears to argue in passing that his counsel did not negotiate him a favorable plea agreement. To the extent that Bradley suggests that counsel did not make him fully aware of the potential consequences he faced following conviction or that he was confused regarding those circumstances, the record similarly refutes those claims. The Court fully reviewed the maximum penalties that Bradley faced before accepting his plea, and Bradley indicated that he understood those penalties. Moreover, the Court explained what the parties believed would be Bradley's advisory guideline range and the impact of his mandatory 60-month consecutive sentence. As such, there is no viable argument that Bradley was not fully informed regarding his sentencing possibilities at the time he entered his guilty plea. Accordingly, he cannot demonstrate any deficient conduct by counsel in this regard.

2. Sentencing and Appellate Issues

Bradley next asserts that neither of his attorneys reviewed his presentence report with him. Bradley also contends that his counsel failed to object to the PSR's conclusion that he was a career offender. The Court will review both contentions.

First, Bradley's complaints about his career offender status were already rejected on appeal: "The district court overruled the objection, concluding that Bradley was a career offender based on his criminal history and Sixth Circuit case law. The district court properly overruled Bradley's objection to his career-offender designation based on his prior Michigan drug

convictions." Doc. 57 at 5 (6th Cir. Op. January 14, 2022, Case No. 20-4334). As such, Bradley can demonstrate no prejudice related to his career offender designation.

Bradley's assertions that his counsel did not review the PSR with him are similarly refuted by the record:

> THE COURT: Mr. Bradley, did you go over the presentence report that was prepared to assist me in deciding your sentence in this matter?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Did you discuss it with [your attorney]?
>
> THE DEFENDANT: Yes.

Doc. 49 at 2-3. Accordingly, Bradley's contentions that counsel did not review the report with him are rejected.

Bradley next alleges that his appellate counsel did not provide meaningful representation on appeal. Bradley concedes that counsel filed an *Anders* brief that was accepted by the Sixth Circuit, that the Circuit reviewed that brief and Bradley's *pro se* arguments and found no error in the record. In this proceeding, Bradley has failed to identify any reasonable argument that could have been raised on appeal that was not raised by counsel. Accordingly, he has fallen well short of demonstrating deficient conduct by counsel.

Bradley also appears to argue that his appellate counsel was ineffective for failing to seek certiorari from the U.S. Supreme Court. However, "the Constitution does not entitle a defendant to the assistance of counsel for a discretionary appeal (e.g., a petition for certiorari)." *Nichols v. United States*, 563 F.3d 240, 248 (6th Cir. 2009). Because a defendant has no right to counsel in preparing a petition for certiorari, "counsel's performance at [the petition for certiorari] stage cannot be constitutionally ineffective." *Harper v. United States*, 792 F. App'x 385, 391 (6th Cir.

2019). As a result, "an alleged error by counsel in the filing of [a] petition [for certiorari] does not raise a constitutional claim and is thus not cognizable under § 2255." *Ajan v. United States*, No. 2:02-CR-71, 2009 WL 1421183, at *18 (E.D. Tenn. May 20, 2009).

### 3. Issue Preservation

Bradley's final ground for relief reads: "Failure to preserve the issue for Direct Appeal by not objecting at sentencing or filing a motion to stay until the outcome of a similar pending case in the Sixth Circuit Court of Appeals." Doc. 69 at 6. Bradley appears to believe that counsel should have attempted to delay his sentencing until the Sixth Circuit decided *United States v. Williams*, 850 Fed. App'x 393 (6th Cir. 2021). *Williams*, however, was decided on March 25, 2021. Bradley's appeal was concluded on January 14, 2022. *Williams* did not alter the appellate court's conclusion that Bradley remained a career offender. As such, counsel was not deficient in failing to seek a stay. Further, as Bradley's career offender status was reviewed by the appellate court, he has no valid basis to complain that the appeal issue was not properly preserved by counsel.

### 4. Amendment of the Petition

Finally, roughly 120 days after his reply brief was filed, Bradley moved to amend his petition. Bradley contends that he mentioned in passing in his initial petition that his counsel had failed to investigate whether the officers had engaged in police misconduct – Bradley refers to this argument as "gun switching" in which he suggests officers may have moved a firearm to support his 924(c) conviction. Bradley suggests that another individual will admit that the gun in the kitchen was placed there by that individual and not Bradley. Bradley, however, ignores that he admitted to the facts that supported his 924(c) conviction. Accordingly, this alleged new evidence – an unsworn statement in Bradley's reply brief – is insufficient to warrant amendment of

his petition.   Accordingly, the motion to amend (Doc. 89) is DENIED.

The motion to vacate is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

<u>April 15, 2025</u>              <u> /s/John R. Adams              </u>
Date                                                        John R. Adams
                                                            U.S. District Judge