UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.   5:19CR742 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Judge John R. Adams |
| BRAD LEWIS BRADLEY, ) | |
| ) | ORDER |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Brad Bradley's motion to reduce his sentence under Amendment 821.  Doc. 94.  Upon review, the motion is DENIED.

Amendment 821, which became effective on February 1, 2024, applies retroactively. "Part A of Amendment 821 limits the criminal history impact of 'Status Points' in Sentencing Guidelines § 4A. Prior to the enactment of Amendment 821, two "Status Points" were added when determining a defendant's criminal history if the defendant committed his or her federal offense while "under any criminal justice sentence," including probation, parole, supervised release, imprisonment, work release, or escape status. USSG § 4A1.1(d) (Nov. 2018). Now, pursuant to Amendment 821 Part A, a defendant will be assessed one Status Point when determining his or her criminal history if the defendant otherwise has seven or more criminal history points and committed the instant offense under "any criminal justice sentence." USSG § 4A1.1(e) (Nov. 2023). Part A effectively eliminates Status Points for defendants with six or fewer criminal history points.

As Bradley was sentenced as a career offender, his guidelines range was derived from § 4B1.1, not § 4A1.1, and because Amendment 821 does not lower § 4B1.1's guidelines range, he

fails to satisfy § 3582(c)(2)'s first requirement for a sentence reduction—i.e., the requirement that that he must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see United States v. Simpson*, No. 24-5272, 2024 WL 4337488, at *3 (6th Cir. Sept. 11, 2024) ("Amendment 821 also would not reduce [the defendant's] applicable guidelines range. Amendment 821 affects the calculation of criminal-history points, but [the defendant] would remain in criminal-history category VI due to his career-offender status."); *cf. United States v. Williams*, 607 F.3d 1123, 1125–26 (6th Cir. 2010) (holding that a career offender under § 4B1.1 did not receive a sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and, as a result, was not eligible for a reduction under Amendment 706).  As Bradley is ineligible for relief, his motion is DENIED.[1]

Bradley requests in the alternative that the Court amend his PSR to remove the status points at issue.  However, as those points have no impact on Bradley's criminal history category, the Court declines to order any amendment to his PSR.[2]

The motion to reduce sentence is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
|   January 14, 2026 | /s/John R. |
| | JOHN R. ADAMS |
| *Adams* | UNITED STATES DISTRICT JUDGE |

---

[1] Contrary to Bradley's assertion, the Court is not required to review the § 3553(a) factor *after* finding him ineligible for relief.  Such a review would be a waste of judicial resources.
[2] Bradley also requests that the PSR add the names of the mothers of his children.  The Court can find no basis to order such an amendment and declines to do so.